

CJ-2021-368
TIMMONS

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

EDWIN WHITE, )
)
Plaintiff, )   **CJ-2021-368**
)   Case No. FILED IN DISTRICT COURT
v. )   OKLAHOMA COUNTY
)
BILLY MILLS and )   JAN 26 2021
P.A.M. TRANSPORT INC. )
)   RICK WARREN
Defendants. )   COURT CLERK
**PETITION**   59

COMES NOW the Plaintiff, Edwin White, and for his cause of action against the Defendants, Billy Mills and P.A.M. Transport Inc. alleges and states as follows:

1. That Plaintiff, Edwin White (hereinafter "Plaintiff") is a resident of Oklahoma County, State of Oklahoma.

2. That Defendant, Billy Mills (hereinafter "Defendant Mills") is a resident of Randolph County, State of North Carolina.

3. That Defendant, P.A.M. Transport Inc., (hereinafter "Defendant P.A.M Transport Inc.") is a foreign for profit corporation doing business in the State of Oklahoma.

4. That all acts complained herein, giving rise to Plaintiff's cause of action occurred in Oklahoma County, State of Oklahoma. That this Court has jurisdiction of the parties hereto and venue is proper in Oklahoma County.

**OBJECT AND NATURE OF ACTION**

5. This is an action by Plaintiff to recover actual and punitive damages for the negligence, gross negligence and reckless disregard for safety of others, including Plaintiff, by all Defendants. Such conduct resulted in Defendants' vehicle striking the Plaintiff. That impact caused severe injuries to Plaintiff at or near Interstate 40 westbound and Mile



EXHIBIT 2

Marker 170 in the City of Oklahoma City, Oklahoma County, Oklahoma. This violent collision occurred on or about the 11th day of March 2019.

## SAFETY RULES THAT MUST BE FOLLOWED

6. Drivers of motor vehicles must always be aware of what is happening on the roads around them, to protect everyone on and near the road from serious injuries or death.

7. Drivers of motor vehicles must always allow enough stopping distance between their vehicle and other vehicles on the road, to protect everyone on and near the roads from serious injuries or death.

8. Drivers must not operate motor vehicles recklessly and carelessly to protect everyone on and near the road from serious injuries or death.

9. Businesses must properly hire, train, and supervise individuals driving their vehicles, to protect everyone on and near the road from serious injuries or death.

10. Businesses must not entrust their vehicles to negligent, careless, and reckless drivers to protect everyone on and near the road from serious injuries or death.

## FACTUAL BACKGROUND

11. Plaintiff hereby repeats and reasserts all of the facts and allegations included within paragraphs 1-10 of this Petition.

12. On or about March 11, 2019, Plaintiff was driving his vehicle westbound on Interstate 40 in the city of Oklahoma City.

13. At the same time, Defendant Mills, who was operating a vehicle owned by Defendant P.A.M. Transport Inc., was traveling westbound on Interstate 40 in the city of Oklahoma City.

14. Defendant Mills changed lanes on Interstate 40 westbound and rear-ended Plaintiff which caused a violent collision with Plaintiff's vehicle.

15. Defendant Mills was driving recklessly and carelessly when he caused this violent collision and severely injured Plaintiff.

16. As a direct result or Defendants' unlawful and malicious conduct, Plaintiff sustained serious and painful injuries. He also incurred significant medical expenses and lost wages.

### FIRST CAUSE OF ACTION: NEGLIGENCE/NEGLIGENCE PER SE

17. Plaintiffs hereby incorporates by reference Paragraphs 1-16 of this Petition.

18. Defendant Mills violated the above-referenced safety rules and was negligent and reckless in his driving on the date in question.

19. Defendant Mills was also negligent per se given his violation of state and federal statutes, ordinances and regulations.

20. Defendant Mills' negligence and negligence per se were a direct cause of these collision and Plaintiff's resulting injuries and damages.

### SECOND CAUSE OF ACTION – NEGLIGENT ENTRUSTMENT

21. Plaintiff hereby incorporates by reference Paragraphs 1-20 in their entirety.

22. At the time of the collision, the company vehicle being driven by Defendant Mills was owned by Defendant P.A.M. Transport Inc.

23. Prior to the collision, Defendant P.A.M. Transport Inc. gave Defendant Mills permission to drive said company vehicle.

24. At the time of the collision, Defendant Mills was driving the company vehicle while in the course and scope of his employment.

25. Defendant P.A.M. Transport Inc. had the right, ability, and obligation to permit or prohibit the use of the company vehicle driven by Defendant Mills on public roadways.

26. Defendant P.A.M. Transport Inc. had a duty to ensure that Defendant Mills was a safe and prudent driver before allowing him to drive the company vehicle on public roadways.

27. Defendant P.A.M. Transport Inc. negligently, carelessly, and recklessly allowed Defendant Mills to drive the subject vehicle on public roadways in the unlawful and malicious manner.

28. Defendant P.A.M. Transport Inc. negligently entrusted the company vehicle to Defendant Mills.

29. Defendant P.A.M. Transport Inc.'s negligent entrustment of the company vehicle to Defendant Mills inflicted serious injuries and damages upon Plaintiff.

## THIRD CAUSE OF ACTION – NEGLIGENT HIRING, TRAINING, SCREENING & SUPERVISION

30. Plaintiff hereby incorporates by reference Paragraphs 1-29 in their entirety.

31. Defendant P.A.M. Transport Inc. was negligent in its hiring, training, screening and/or supervision of Defendant Mills.

32. The actions of P.A.M. Transport Inc. were willful and wanton, in reckless disregard for the rights of others and/or grossly negligent.

## DAMAGES

33. Plaintiff hereby incorporates by reference Paragraphs 1-32 in their entirety.

34. As a direct and proximate result of the wrongful conduct of all Defendants, Plaintiff sustained serious injuries and damages in excess of $250,000.00.

35. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff is entitled to recover damages for the following:

    a.    Temporary and permanent physical injuries;

    b.    Past and future medical expenses;

    c.    Past and future mental and physical pain and suffering associated with and due to the physical injuries received in the collision;

    d.    Permanent and disabling physical injuries and limitations;

    e.    Loss of past and future earning capacity; and

    f.    Other damages to be set forth after discovery.

36. Because Defendant Mills and Defendant P.A.M. Transport Inc. acted with reckless disregard for the rights of Plaintiff and the safety of all Oklahomans, Plaintiff requests that the jury award punitive damages in an amount necessary to punish and deter such Defendants from behaving in the same or similar manner.

37. Accordingly, Plaintiff is entitled to actual and punitive damages for Defendants' negligence and reckless conduct.

**WHEREFORE**, Plaintiff prays for an award of actual and punitive damages in excess of $250,000.00 against Defendants, P.A.M. Transport Inc. and Billy Mills for the acts and omissions referenced above; plus any costs, attorney fees, interest and further relief allowed under governing law.

Respectfully submitted,

Ryan Polchinski, OBA #31869
Andrew Polchinski OBA #33765
Law Offices of Daniel M. Davis
300 N. Walnut Ave.
Oklahoma City, OK 73104
Telephone: (405) 235-4000
Fax:      (405) 235-5178
ryanp@dandavislaw.com
ATTORNEYS FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**